**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**


**UNITED STATES OF AMERICA,**


**V.**                                              **Criminal No.:  3:22-CR-00104-001**



**COREY BRANCH**


### DEFENDANT COREY BRANCH'S POSITION ON SENTENCING


COMES NOW the Defendant, Corey Branch ("Branch"), by counsel, pursuant to this Honorable Court's Sentencing Guideline Order and for his Position on Sentencing and Motion for a Variance Sentence, states as follows:

### Objections to Presentence Investigation Report

Branch does not have any objections to the Presentence Investigation Report.

### Position on  18 U.S.C. §3553(a) Sentencing Factors and Incarceration

Congress has required that the courts shall impose a sentence sufficient but not greater than necessary to comply with the factors contained in 18 U.S. C. §3553(a). Moreover, the sentencing guidelines are advisory only and the Court of Appeals reviews sentences for reasonableness only. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005); United States v. Booker, 543 U.S. 220 (2005).   Based on the reasons below, Branch moves this Honorable Court impose a sentence at the low end of the guideline range (four months) to run concurrently with any other sentence of

1

incarceration he is currently serving. Alternatively, Branch moves the Court for a variance sentence below the guidelines range (see Motion for Variance Sentence below) to avoid incarceration and instead impose a sentence of home incarceration or probation as such a sentence would be sufficient, but not greater than necessary to address the factors delineated in 18 U.S.C. §3553.

A. **The Nature and Circumstances of the Offense and the Characteristics of the Defendant (18 U.S.C. §3553(a)(1))**

The offense in this case is prisoner escape from a non-secure custody—the minimum security satellite camp located at FCI Petersburg (See PSR ¶5 and ¶15). Importantly, Branch voluntarily returned to the facility within 96 hours of escape. (See PSR ¶15). There is no evidence that Branch used force or threat of force to escape from custody—he simply walked away from the facility.

Mr. Branch essential grew up without a father as his father abused alcohol and drug and had a criminal record. (PSR, ¶45). Branch did not have a relationship with his father growing up. (PSR, ¶45). Branch was raised by his grandparents who had custody of him from the time he was an infant. (PSR, ¶49). Branch lost two brothers to gun violence. (PSR, ¶48). Mr. Branch is a father and according to Shameka Council, the mother of his son, Branch cares for their son and helps support Ms. Council's other children. (PSR, ¶51).

B. **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment (18 U.S.C. §3553(a)(2)(A))**

A sentence of probation, home confinement or a concurrent sentence at the low end of the guideline range, would reflect the seriousness of the offense while achieving the goals of promoting respect for the law. Given the short duration of the offense and

2

the post offense conduct by Branch (returning voluntarily within 96 hours), such a sentence would providing just punishment for the offense.

A sentence of probation, home confinement or a concurrent sentence of confinement or at the low end of the guideline range, would also provide adequate deterrence and protect the public as Branch poses a very low risk of recidivism (escape) once he is released from serving his current sentence.

2.      Position On Fine, Term of Supervised Release and Other Matters

Branch further moves this Honorable Court not impose any fine in this case as he is financially unable to pay a fine and will be required to make restitution. Branch further moves the Court to recommend to the Bureau of Prisons that he be allowed to participate in all available educational, vocational programs and drug treatment programs that are available to her so as to minimize the likelihood of recidivism.

**Motion for Variance Sentence**

Branch moves that any sentence imposed be at the low end of the guidelines range and run concurrent to the sentence of incarceration that Branch is currently serving. In the event that the Court orders that the sentence be imposed consecutive to Branch's current sentence, then Branch moves for a variance sentence below the guidelines range and to impose a sentence of probation or a sentence of home confinement with such other terms as the Court deems appropriate based upon the offense conduct as well as Branch's personal characteristics. Such a sentence would be sufficient, but not greater than necessary to serve the purposes set forth in 18 U.S.C. §3553 as applied to Branch.

The Supreme Court, in <u>Gall v. United States</u>, 128 S.Ct. 586, 169 L.Ed.2d 445

(2007) redefined the role of the sentencing Courts post <u>Booker</u> by holding that the

sentencing court may not *presume* that the Guidelines range is reasonable. (*emphasis*

*added*)  The Court ruled that:

> "In reviewing the reasonableness of a sentence outside the Guidelines range,
> appellate courts may therefore take the degree of variance into account and consider
> the extent of a deviation from the Guidelines. We reject, however, an appellate rule
> that requires "extraordinary" circumstances to justify a sentence outside the
> Guidelines range. We also reject the use of a rigid mathematical formula that uses the
> percentage of a departure as the standard for determining the strength of the
> justifications required for a specific sentence."
> <u>Id.</u> at 594-95;

The sentencing factors contained in 18 U.S.C. §3553, contain "an overarching

provision instructing district courts to 'impose a sentence sufficient, but not greater than

necessary,' to accomplish the goals of sentencing…." <u>Kimbrough v. U.S.</u> 522 U.S. 85,

102 (2007).

Accordingly, Branch moves this Court for a variance sentence of either probation

only or home confinement and probation as such a sentence would be sufficient but not

greater than necessary to achieve the sentencing goals of 18 U.S.C. §3553 as applied

to Branch.


Respectfully submitted,

**COREY BRANCH**


**-s-  W. Barry Montgomery**

Of Counsel

4

W. Barry Montgomery, Esquire  (VSB #43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Ste. 200
Richmond, Virginia 23236
Tel:    (804) 320-6300
Fax:    (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Corey Branch


<u>Certificate of Service</u>

I hereby certify that on this the 16th  day of  November 2022,  I did electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Angela Mastandrea-Miller, Esquire
United States Attorney's Office
For the Eastern District of Virginia
919 East Main St., Ste. 1900
Richmond, Virginia 23219
Tel:    (804) 819-5400
E-mail: Angela.Miller3@usdoj.gov


**-s- W. Barry Montgomery**
W. Barry Montgomery, Esquire  (VSB #43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Ste. 200
Richmond, Virginia 23236
Tel:    (804) 320-6300
Fax:    (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Corey Branch