IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

**V.**                                                  Criminal No.: <u>3:22-CR-00104-001</u>

**COREY BRANCH**

### DEFENDANT COREY BRANCH'S POSITION ON SENTENCING

COMES NOW the Defendant, Corey Branch ("Branch"), by counsel, pursuant to this Honorable Court's Sentencing Guideline Order and for his Position on Sentencing, states as follows:

### Objections to Presentence Investigation Report

Branch does not have any objections to the Presentence Investigation Report.

### Position on 18 U.S.C. §3553(a) Sentencing Factors and Incarceration

Congress has required that the courts shall impose a sentence sufficient but not greater than necessary to comply with the factors contained in 18 U.S. C. §3553(a). Moreover, the sentencing guidelines are advisory only and the Court of Appeals reviews sentences for reasonableness only. See <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005); <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Based on the reasons below, Branch moves this Honorable Court impose a sentence at the low end of the guideline range (four months) to run *concurrently* with

1

any other sentence of incarceration that he is currently serving. Alternatively, Branch moves the Court for a variance sentence below the guidelines range (see Branch's Motion for Variance Sentence) to avoid incarceration and instead impose a sentence of home incarceration or probation as such a sentence would be sufficient, but not greater than necessary to address the factors delineated in 18 U.S.C. §3553.

## A. The Nature and Circumstances of the Offense and the Characteristics of the Defendant (18 U.S.C. §3553(a)(1))

The offense in this case is prisoner escape from a non-secure custody—the minimum security satellite camp located at FCI Petersburg (See PSR ¶5 and ¶15). Importantly, Branch voluntarily returned to the facility within 96 hours of escape. (See PSR ¶15). There is no evidence that Branch used force or threat of force to escape from custody—he simply walked away from the facility.

Mr. Branch essentially grew up without a father as his father abused alcohol and drugs and had a criminal record. (PSR, ¶45). Branch did not have a relationship with his father growing up. (PSR, ¶45). Branch was raised by his grandparents who had custody of him from the time he was an infant. (PSR, ¶49). Branch lost two brothers to gun violence. (PSR, ¶48). Mr. Branch is a father and, according to Shameka Council, the mother of his son, Branch cares for their son and helps support Ms. Council's other children. (PSR, ¶51).

## B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment, Adequate Deterrence, To Protect the Public from Further Crimes of the Defendant and Provide Defendant with Needed Education, or Training (18 U.S.C. §3553(a)(2)(A))

A concurrent sentence at the low end of the guideline range would reflect the seriousness of the offense while achieving the goals of promoting respect for the law.

Given the short duration of the offense and the post offense conduct by Branch (returning voluntarily within 96 hours), such a sentence would providing just punishment for the offense.

A  concurrent sentence of confinement at the low end of the guideline range, would also provide adequate deterrence to other prisoners who might consider attempting to escape. Such a sentence would also adequately protect the public as Branch poses a very low risk of recidivism (escape) once he is released from serving his current sentence.

C.      **Position On Fine, Term of Supervised Release and Other Matters**

Branch further moves this Honorable Court not impose any fine in this case as he is financially unable to pay a fine. Branch further moves the Court to recommend to the Bureau of Prisons that he be allowed to participate in all available educational, vocational programs and drug treatment programs that are available to him so as to minimize the likelihood of recidivism.

Respectfully submitted,

**COREY BRANCH**

**-s-  W. Barry Montgomery**

Of Counsel

3

W. Barry Montgomery, Esquire  (VSB #43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Ste. 200
Richmond, Virginia 23236
Tel:    (804) 320-6300
Fax:    (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Corey Branch

Certificate of Service

I hereby certify that on this the 1st  day of  December 2022,  I did electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Angela Mastandrea-Miller, Esquire
United States Attorney's Office
For the Eastern District of Virginia
919 East Main St., Ste. 1900
Richmond, Virginia 23219
Tel:    (804) 819-5400
E-mail: Angela.Miller3@usdoj.gov

**-s- W. Barry Montgomery**
W. Barry Montgomery, Esquire  (VSB #43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Ste. 200
Richmond, Virginia 23236
Tel:    (804) 320-6300
Fax:    (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Corey Branch